**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000534
29-MAY-2019
08:07 AM**

NO. CAAP-18-0000534

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
PAMELA JOY NAILE, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KANE'OHE DIVISION
(CASE NO. 1DCW-17-0003051)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Pamela Joy Naile (Naile) appeals from the Order and Notice of Entry of Order, filed on May 15, 2018, in the District Court of the First Circuit, Kane'ohe Division (District Court).[1]

Naile was convicted of Assault in the Third Degree, as a petty misdemeanor for a fight or scuffle entered into by mutual consent, in violation of Hawaii Revised Statutes (HRS) § 707-712(1)(a) (2014).[2]

---

[1] The Honorable Russel Nagata presided.

[2] HRS § 707-712 states:

§707-712 Assault in the third degree. (1) A person commits the offense of assault in the third degree if the person:

(a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or

On appeal, Naile claims: (1) there was insufficient evidence to convict her because the State failed to adduce substantial evidence that she acted with the requisite state of mind; (2) the State failed to prove beyond a reasonable doubt facts negating self-defense; and (3) the District Court abused its discretion by sentencing her to fifteen days incarceration because it "rigidly hung on the nature and circumstances of the offense instead of the history and characteristics of the defendant" when considering the sentencing factors under HRS § 706-606 (2014).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Naile's points of error as follows:

(1) The State did not fail to adduce substantial evidence that she acted with the requisite state of mind.

In State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999), the Hawai'i Supreme Court stated:

> We are thus drawn back to the oft-repeated proposition that,
>
>> given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, "we have consistently held that . . . proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the [defendant's conduct] is sufficient . . . . Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." State v. Sadino, 64 Haw. 427, 430, 642 P.2d 534, 536-37 (1982) (citations omitted); see also State v. Simpson, 64 Haw. 363, 373 n.7, 641 P.2d 320, 326 n.7 (1982).

(Ellipses in original)(citation and some brackets omitted).

Naile and Cindy Naile (Cindy), the complaining witness and Naile's sister, engaged in a scuffle which began by pulling each other's hair. After Cindy fell on her back Naile positioned

---

(b) Negligently causes bodily injury to another person with a dangerous instrument.

(2) Assault in the third degree is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

herself on top of Cindy so Cindy turned over on to her stomach. While Cindy was still on the ground face down, Naile started punching her on the right side of her face with a closed fist. Naile then punched the left side of Cindy's face. When Naile was punching Cindy, she stated, "I'm going to kill you, you fucka, I'm going kill you, you fucka. She said you ever go to your (sic) landlord, I'm going to kill you, you fucka[.]"

Based upon the acts, conduct, and inferences fairly drawn from all the circumstances, there was substantial evidence that Naile acted intentionally, knowingly, or recklessly by positioning herself on top of Cindy and repeatedly striking Cindy in the head with a closed fist.

(2) The State proved beyond a reasonable doubt facts sufficient to negate a claim of self-defense. Cindy turned over onto her stomach after initially falling on her back because Naile was on top of her. Naile then struck Cindy while Cindy was on her stomach and had turned away from Naile. The "prosecution disproves a justification defense beyond a reasonable doubt when the trial court believes the prosecution's case and disbelieves the defendant's case." State v. Jhun, 83 Hawai'i 472, 483, 927 P.2d 1355, 1366 (1996).

(3) The District Court did not abuse its discretion when sentencing Naile. After consideration of the factors set forth in HRS § 706-606, the court may sentence a person who has been convicted of a petty misdemeanor to imprisonment for up to thirty days. HRS § 706-663 (2014).

"The authority of a trial court to select and determine the severity of a penalty is normally undisturbed on review in the absence of an apparent abuse of discretion or unless applicable statutory or constitutional commands have not been observed." Barnett v. State, 91 Hawai'i 20, 26, 979 P.2d 1046, 1052 (1999) (quoting State v. Valera, 74 Haw. 424, 439, 848 P.2d 376, 383 (1993)).

A sentencing court is not required to make findings of fact with regard to each factor enumerated in HRS § 706-606(2). State v. Rauch, 94 Hawai'i 315, 328, 13 P.3d 324, 337 (2000). HRS § 706-606(2) requires that the sentencing court weigh and

balance the various factors but does not indicate any factor is dispositive. Id. However, in order for there to be a rational exercise of discretion there must be some factual basis in the record. State v. Kahawai, 103 Hawai'i 462, 466, 83 P.3d 725, 729 (2004).

The District Court cited Cindy's extensive injuries, despite the incident being characterized as a scuffle, as the factor that weighed heavily in favor of imposing fifteen days incarceration when compared to other factors such as lack of a prior violent history. The record indicates that the day after the incident Cindy had two black eyes, bruises on her cheeks, chin, and eyelids, swelling, and scrapes on her forehead. There was a factual basis in the record for the District Court to exercise its discretion to weigh and balance the various factors under HRS § 706-606(2) and determine fifteen days incarceration was the appropriate sentence due to Cindy's extensive injuries.

Therefore, the Order and Notice of Entry of Order, filed on May 15, 2018, in the District Court of the First Circuit, Kane'ohe Division, is affirmed.

DATED:  Honolulu, Hawai'i, May 29, 2019.

On the briefs:

Joanne B. Badua,
Deputy Public Defender,
for Defendant-Appellant.

Chad Kumagai,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge